UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALICE STEEL, Individually and as Special Administrator of the Estate of PIERRE STEEL, deceased, and DEMARCO WHITLEY, <br><br> Plaintiffs <br><br> vs. <br><br> FORD MOTOR COMPANY, a corporation, TK HOLDINGS, INC., a corporation, AUTOLIV ASP, INC., a corporation, and AL PIEMONTE FORD SALES, INC., a corporation, <br><br> Defendants | ) ) ) ) ) ) ) ) ) No. 11 cv 460 ) ) ) ) Judge: Hon. Edmond E. Chang ) ) ) ) ) ) |
| AUTOLIV ASP, INC., <br><br> Crossclaimant <br><br> vs. <br><br> ALICE STEEL, as Special Administrator of the Estate of PIERRE STEEL, deceased <br><br> Crossdefendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CROSSCLAIM OF AUTOLIV ASP, INC. AGAINST ALICE STEEL, SPECIAL ADMINISTRATOR OF THE ESTATE OF PIERRE STEEL**

NOW COMES the Defendant, AUTOLIV ASP, INC., by and through its attorneys, JAMES K. TOOHEY and TIMOTHY R. COUTURE of JOHNSON & BELL, Ltd., and for its Crossclaim for Contribution against Alice Steel, Special Administrator of the Estate of Pierre Steel, states as follows:

**Count I: Negligence of Pierre Steel**

1. On or about January 29, 2010, Plaintiff Alice Steel's decedent, Pierre Steel, age 17, was operating a 2008 Ford Fusion owned by Plaintiff Alice Steel in a northbound direction on Swift Road near its intersection with Hoyle Road, in Du Page County, Illinois.

2. At all times relevant, Swift Road near its intersection with Hoyle Road consisted on one lane of southbound traffic, and one lane of northbound traffic.

3. At all times relevant, Plaintiff Demarco Whitley, age 17, was a right front seat passenger riding voluntarily in the 2008 Ford Fusion vehicle operated by Pierre Steel.

4. At all times relevant, there was in effect in the State of Illinois certain mandatory traffic safety laws commonly known as the "Graduated Driver Licensing System", 625 ILCS 5/6-107, applicable to operators of a motor vehicle at an age less than 18 years, including Pierre Steel, which required Steel:

    a. to have his parent or legal guardian certify that he had completed a minimum of 50 hours of practice driving, including 10 hours at night;

    b. to have completed a state-approved driver education course;

    c. to require all occupants under age 19 to wear safety belts.

5. At all times relevant, Pierre Steel owed a duty to follow all applicable traffic laws, and to operate his vehicle in a reasonably manner so as to not endanger himself, his passenger, and others on the roadway.

6. In spite of there aforesaid traffic safety laws and duties, on January 29, 2010 Pierre Steel was guilty of the following negligent acts and/or omissions:

a. operated his vehicle at a speed well in excess of the posted speed limit in violation of Sec. 11-601 of the Illinois Vehicle Code;

b. attempted to pass multiple vehicles in front of him by entering the southbound lanes of traffic in spite of the fact that the area of the roadway where he attempted the pass was designated and marked as a "no-passing zone

c. Failed to decrease his speed so as to avoid colliding with other vehicles in the roadway or objects adjacent to the roadway;

d. Failed to keep a proper lookout;

e. failed to exercise proper control over his vehicle;

f. operated his motor vehicle without using his three point seat belt provided by the manufacturer as his primary safety device in the event of a vehicular collision, thus putting his passenger at risk of greater injury or death as he and said passenger each became a projectile upon impact causing Steel to be thrown into violent injury-producing contact with his passenger;

g. operated his motor vehicle without requiring his passenger to use the three point seat belt provided by the manufacturer as the passenger's primary safety device in the event of a vehicular collision, thus putting his passenger at risk of greater injury or death as he and said passenger each became a projectile upon impact causing Steel to be thrown into violent injury-producing contact with his passenger;

h. was otherwise careless and negligent.

7. As a direct and proximate result of the aforesaid negligent acts and/or omissions of Pierre Steel, the vehicle driven by Pierre Steel was caused to leave the roadway and slam into a utility pole west of Swift Road, and the occupants of said vehicle were caused to suffer injury.

8. Demarco Whitely has filed a Complaint at Law against Defendant Autoliv and others alleging that he suffered injury and damages as a result of the aforesaid motor vehicle accident.

9. Defendant Autoliv has denied all material allegations of that Complaint at law.

10. At all times relevant, there was in existence in the state of Illinois, a statute commonly known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/01, *et seq*, which provides for the assessment of damages among joint tortfeasors found liable to an injured Plaintiff in proportion to their perspective percentage of fault.

11. If Crossclaimant Autoliv is found liable to Plaintiff Whitley in any amount whatsoever, then Autoliv is entitled to contribution from Crossdefendant Alice Steel as Special Administrator of the Estate of Pierre Steel, for that percentage of fault attributable to Pierre Steel the aforesaid negligent acts and/or omissions

WHEREFORE, Defendant/Crossclaimant, AUTOLIV ASP, INC. prays this Honorable Court that in the event that it is found liable in any amount whatsoever to Plaintiff Demarco Whitley, that judgment be entered against the Alice Steel as Special Administrator of the Estate of Pierre Steel in an amount commensurate with Pierre Steel's relative culpability for causing Plaintiff's injuries.

## Count II: Willful and Wanton Conduct of Pierre Steel

1-4. Crossclaimant Autoliv reasserts and realleges paragraphs 1-4 of its Count I as the allegations of this Count II.

5. At all times relevant, Pierre Steel owed a duty to refrain from engaging in willful and wanton conduct so as to not endanger himself, his passenger, and others on the roadway.

4

6. On January 29, 2010 Pierre Steel, in conscious disregard for the safety of his passenger and others on the roadway, was guilty of the following reckless, willful and wanton acts and/or omissions:

- a. operated his vehicle at a speed well in excess of the posted speed limit in violation of Sec. 11-601 of the Illinois Vehicle Code;

- b. attempted to pass multiple vehicles in front of him by entering the southbound lanes of traffic in spite of the fact that the area of the roadway where he attempted the pass was designated and marked as a "no-passing zone

- c. Failed to decrease his speed so as to avoid colliding with other vehicles in the roadway or objects adjacent to the roadway;

- d. Failed to keep a proper lookout;

- e. failed to exercise proper control over his vehicle so as to cause the vehicle to leave the roadway at a high speed;

- f. operated his motor vehicle without using his three point seat belt provided by the manufacturer as his primary safety device in the event of a vehicular collision, thus putting his passenger at risk of greater injury or death as he and said passenger each became a projectile upon impact causing Steel to be thrown into violent injury-producing contact with his passenger;

- g. operated his motor vehicle without requiring his passenger to use the three point seat belt provided by the manufacturer as the passenger's primary safety device in the event of a vehicular collision, thus putting his passenger at risk of greater injury or death as he and said passenger each became a projectile upon impact causing Steel to be thrown into violent injury-producing contact with his passenger;

- h. was otherwise reckless, willful and wanton, and otherwise displayed a conscious disregard for the safety of others.

7. As a direct and proximate result of the aforesaid reckless, willful and wanton acts and/or omissions of Pierre Steel, the vehicle driven by Pierre Steel was caused to

5

leave the roadway and slam into a utility pole west of Swift Road, and the occupants of said vehicle were caused to suffer injury.

.      8.      Demarco Whitely has filed a Complaint at Law against Defendant Autoliv and others alleging that he suffered injury and damages as a result of the aforesaid motor vehicle accident.

9.      Defendant Autoliv has denied all material allegations of that Complaint at law.

10.     At all times relevant, there was in existence in the state of Illinois, a statute commonly known as the Joint Tortfeasors Contribution Act, 740 ILCS 100/01, *et seq*, which provides for the assessment of damages among joint tortfeasors found liable to an injured Plaintiff in proportion to their perspective percentage of fault.

11.     If Crossclaimant Autoliv is found liable to Plaintiff Whitley in any amount whatsoever, then Autoliv is entitled to contribution from Crossdefendant Alice Steel as Special Administrator of the Estate of Pierre Steel, for that percentage of fault attributable to Pierre Steel the aforesaid reckless, willful and wanton acts and/or omissions

WHEREFORE, Defendant/Crossclaimant, AUTOLIV ASP, INC. prays this Honorable Court that in the event that it is found liable in any amount whatsoever to Plaintiff Demarco Whitley, that judgment be entered against the Alice Steel as Special Administrator of the Estate of Pierre Steel in an amount commensurate with Pierre Steel's relative culpability for causing Plaintiff's injuries.

                                                        /s/ Timothy R. Couture
                                                    One of the Attorneys for Defendant
                                                    AUTOLIV ASP, INC.

James K. Toohey
Timothy R. Couture

6

JOHNSON & BELL, LTD.
33 West Monroe Street – Suite 2700
Chicago, Illinois 60603
(312)372-0770

## CERTIFICATE OF SERVICE

The undersigned, certifies that he filed the foregoing **CROSSCLAIM FOR CONTRIBUTION** via the United States District Court's Electronic Filing System and that the same was served on all Counsel of Record via said Electronic Filing System, this 2nd day September, 2011.

/s/Timothy R. Couture
*I certify that the statements set forth herein are true and correct*